1  Craig A. Hoover, SBN 113965
   **HOGAN LOVELLS US LLP**
2  555 Thirteenth Street, NW
   Washington, DC 20004
3  Tel: (202) 637-5600
   Fax: (202) 637-5910
4  craig.hoover@hoganlovells.com

5  Michael M. Maddigan, SBN 163450
6  **HOGAN LOVELLS US LLP**
   1999 Avenue of the Stars, Suite 1400
7  Los Angeles, California 90067
   Tel: (310) 785-4600
8  Fax: (310) 785-4601
   michael.maddigan@hoganlovells.com
9
   *Attorneys for Blue Cross of California*
10

11

12                  UNITED STATES DISTRICT COURT

13          CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

14 | MANUEL VASQUEZ and              | Case No. 2:15-cv-2055
15 | BETHANY NOEL, on behalf of
   | themselves and all others similarly | **NOTICE OF REMOVAL OF ACTION**
16 | situated,                        | **TO FEDERAL COURT UNDER 28**
   |                                  | **U.S.C. § 1446 AND THE CLASS**
17 |                    Plaintiffs,   | **ACTION FAIRNESS ACT (28 U.S.C.**
18 |                                  | **1332(d))**
   | v.                               |
19 |                                  | (Los Angeles County Superior Court Case
   | BLUE CROSS OF CALIFORNIA         | No. BC572246)
20 | dba ANTHEM BLUE CROSS, a
   | California corporation; and DOES 1
21 | through 100, inclusive,
22
   |                    Defendants.
23

24

25

26

27

28

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW

NOTICE OF REMOVAL

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendant Blue Cross of California (d/b/a Anthem Blue Cross) ("Blue Cross") hereby invokes this Court's removal jurisdiction pursuant to 28 U.S.C. § 1446 and the Class Action Fairness Act ("CAFA"), Pub. L. 109-2, codified at 28 U.S.C. § 1332(d).

## I. THE REMOVED ACTION IS ONE OF MORE THAN 80 SUITS FILED AROUND THE COUNTRY AGAINST ANTHEM AND ITS SUBSIDIARIES FOLLOWING ITS ANNOUNCMENT OF A CYBER ATTACK AGAINST ITS DATA SYSTEMS.

1. This is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1446, and CAFA.

2. Anthem, Inc. ("Anthem"), an Indiana Corporation, is one of the largest health benefits companies in the United States. Through its affiliated health plans, Anthem delivers health benefit products and plans to members across the country. Anthem and its affiliates are independent licensees of the Blue Cross Blue Shield Association and serve members through "Blue" affiliated brands in 14 states and through non-Blue plans in other states. Defendant Blue Cross is a California corporation and an affiliate of Anthem.

3. On February 4, 2015, Anthem announced that cyber hackers had gained unauthorized access to its data systems and obtained personal information of current and former members. Anthem's announcement indicated that it learned of the attack on January 29, 2015, and that the attack happened over several weeks beginning in early December 2014. See www.anthemfacts.com.

4. The day after Anthem's announcement, plaintiffs began filing class action lawsuits around the country against Anthem and various of its subsidiaries. As of today, approximately seventy-nine similar suits have been filed in United States District Courts around the country. Twenty-seven of those cases have been filed in the Southern District of Indiana, and eight have been filed in the Central District of California. Approximately six cases also have been filed in state court,

including two cases in Los Angeles County Superior Court.

5. The cases currently pending in the Central District of California include:

| Case Name | Civil Case No. | Date Filed | Judge |
|---|---|---|---|
| *Kirby v. Anthem, Inc.* | 2:15-cv-00820-MFW-AGR | 2/5/2015 | Fitzgerald |
| *Morris v. Anthem, Inc., et al.* | 8:15-cv-00196-MWF(AGRx) | 2/5/2015 | Fitzgerald |
| *Liu v. Anthem, Inc., et al.* | 8:15-cv-00215-DOC-DFM | 2/6/2015 | Carter |
| *Hood v. Anthem, Inc., et al.* | 2:15-cv-00918-CAS-PLA | 2/9/2015 | Snyder |
| *Doe v. Anthem, Inc., et al.* | 2:15-cv-00934-SVP-JPR | 2/9/2015 | Wilson |
| *Salerno v. Anthem, Inc., et al.* | 2:15-cv-01144-GHK-PLA | 2/17/2015 | King |
| *Bell v. Anthem, Inc., et al.* | 2:15-cv-01214-MFA-AGR | 2/19/2015 | Fitzgerald |
| *Hudson v. Anthem, Inc., et al.* | 8:15-cv-00296-AG-JCG | 2/19/2015 | Guilford |

Anthem has filed Notices of Related Cases in each of these actions except for *Hudson*, which has not yet been served.

6. On February 11, 2015, the plaintiff in *Weinberger v. Anthem, Inc.*, No. 15-cv-0201 (S.D. Ind.), filed a motion before the Judicial Panel on Multidistrict Litigation ("JPML") to transfer and centralize these overlapping class action suits for consolidated pretrial proceedings in the United States District Court for the Southern District of Indiana, pursuant to 28 U.S.C. § 1407 ("MDL Transfer Motion"). On March 4, 2015, Anthem filed a response to plaintiff Weinberger's

petition, supporting transfer and centralization in the Southern District of Indiana. Thirty-one plaintiffs in the related class actions also filed responses before the JPML supporting transfer and consolidation, disagreeing only about the district in which the centralization should occur.

7. The gravamen of each of the suits against Anthem is the same: that Anthem allegedly failed to adequately safeguard its members' personal information and that this failure resulted in a cyber-attack on Anthem's data systems. Each Complaint asserts one or more of the following claims: (1) negligence, (2) breach of contract, (3) breach of implied contract, (4) breach of the implied covenant of good faith and fair dealing, (5) violation of state consumer protection and unfair competition statutes, (6) violation of state data breach and medical information statutes, (7) breach of fiduciary duty, (8) bailment, (9) unjust enrichment, (10) conversion, (11) wantonness, (12) invasion of privacy, (13) violation of the Fair Credit Reporting Act, (14) violation of the Stored Communications Act, and (15) violation of the Gramm-Leach Bliley Act. *See, e.g., Meadows v. Anthem, Inc.*, No. 15-cv-0163, Compl. ¶¶ 40-76 (S.D. Ind.); *Pantuso v. Anthem, Inc.*, No. 15-cv-0181, Compl. ¶¶ 44-78 (S.D. Ind.); *D'Angelo v. Anthem, Inc.*, No. 15-cv-0371, Am. Compl. ¶¶ 65-105 (N.D. Ga.); *Kirby v. Anthem, Inc.*, No. 15-cv-0820, Compl. ¶¶ 42-91 (C.D. Cal.); *Powell v. Anthem, Inc.*, No. 15-cv-0314, Compl. ¶¶ 45-94 (E.D. Cal.); *Juliano v. Anthem, Inc.*, No. 15-cv-0219, Compl. ¶¶ 42-112 (N.D. Ala.); *Meer v. Anthem, Inc.*, No. 15-cv-0289, Compl. ¶¶ 38-99 (S.D. Cal.); *Jigarjian v. Anthem, Inc.*, No. 15-cv-0316, Compl. ¶¶ 51-136 (S.D. Cal.). The complaints assert these claims on behalf of overlapping putative nationwide and/or state classes. *See, e.g., Kaslowitz v. Anthem, Inc.*, No. 15-cv-0188, Compl. ¶ 29 (S.D. Ind.); *Garson v. Anthem, Inc.*, No. 15-cv-0180, Compl. ¶ 35 (S.D. Ind.); *Doe v. Anthem, Inc.*, No. 15-cv-0934, Compl. ¶¶ 55-56 (C.D. Cal.); *Giotta v. Anthem, Inc.*, No. 15-cv-0618, Compl. ¶¶ 1-6, 30-32 (N.D. Cal.); *McKinley v. Anthem, Inc.*, No. 15-cv-0096, Am. Compl. ¶ 20 (S.D. Ohio); *Kamal v. Anthem, Inc.*, No. 15-cv-0984, Compl. ¶ 41

(S.D.N.Y.); *Hodges v. Anthem, Inc.*, 15-cv-0083, Compl. ¶¶ 17-18 (E.D. Ark.); *Haag v. Anthem, Inc.*, No. 15-cv-0238, Compl. ¶ 34 (M.D. Fla.).

8. On February 11, 2015, the same day that the plaintiff in *Weinberger* filed his request for coordination before the Judicial Panel on Multidistrict Litigation, Plaintiffs filed their complaint in the action styled *Manuel Vasquez and Bethany Noel, on behalf of themselves and all others similarly situated, vs. Blue Cross of California, dba Anthem Blue Cross, et al.* Case No. BC 572246, in the Superior Court of California for the County of Los Angeles ("the Action").

## II.  BLUE CROSS HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

9. Blue Cross was served with the Summons and Complaint on February 18, 2014, when Blue Cross's agent for service was served with a copy of the Summons and Complaint.

10. This Notice of Removal is being timely filed within 30 days after the February 18, 2014 service of process.

11. Venue in the United States District Court for the Central District of California is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the Action is pending in the Superior Court of California for the County of Los Angeles.

12. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all pleadings, process, and orders served or filed in the Action are attached to this Notice as Exhibit A. These documents include: 1) the Summons and Complaint; and 2) the Order regarding Newly Assigned Complex Case and Initial Status Conference Order.

13. As required by 28 U.S.C. § 1446(d), Defendant promptly will provide written notice of this Notice of Removal to Scott Glovsky and Ari Dybnis of the Law Offices of Scott Glovsky, APC, counsel of record for Plaintiffs. Defendant

also promptly will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

### III. THIS COURT HAS REMOVAL JURISDICTION UNDER CAFA

14. Plaintiff Manuel Vasquez alleges that he is a current member and plaintiff Bethany Noel alleges that she is a former member of a Blue Cross health plan. Complaint, ¶1. Plaintiffs allege that Blue Cross required them to provide their social security numbers as a condition of enrollment. *Id.* The Complaint also acknowledges that Blue Cross is a subsidiary of Anthem, asserts that Blue Cross provided plaintiffs' personal information to Anthem, and alleges that Anthem failed to properly secure that information. Complaint, ¶¶ 9, 16-17. As a result, the Complaint claims that, by providing information to Anthem, Blue Cross "unreasonably and unnecessarily exposed the plaintiffs and others similarly situated to the risk of identity theft." Complaint, ¶18.

15. Based on these allegations, the Complaint asserts causes of action against Blue Cross for: (1) Violation of California Unfair Competition Law; (2) Violation of California Data Breach Act; (3) Invasion of Privacy; and (4) Negligence.

16. The Complaint purports to assert claims on behalf of a class defined as "All *California residents* who currently are or formerly were subscribers to one of Blue Cross of California's health care plans and whose information was in Blue Cross' control but was accessed by an unauthorized third party during a data breach that occurred sometime between December 1, 2014 and February 4, 2015." (Emphasis added). The Complaint also alleges that both plaintiffs are **residents of** Tulare County, California. Complaint, ¶¶ 7-8.

17. Despite specifically alleging that Anthem was the entity that possessed Plaintiffs' personal information and "chose not to" take appropriate steps to protect it (Complaint ¶16), the Complaint − in a transparent attempt to avoid this Court's

Hogan Lovells US LLP
Attorneys At Law

\\LA - 068235/000286 - 1141336 v1

jurisdiction – does not name Anthem as a defendant. Rather, the Complaint names only Blue Cross as a defendant and alleges that Blue Cross is a subsidiary of Anthem and a California corporation. Complaint ¶¶9, 11.

18. Despite Plaintiffs' decision not to name as a defendant the entity that the Complaint itself alleges was responsible for the unauthorized access to Plaintiffs' personal information, this Court nevertheless has jurisdiction over Plaintiffs' Complaint.

19. Concerned by abuses of class actions in some state courts, Congress passed the Class Action Fairness Act of 2005 in part "to restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction." Pub. L. No. 109-2, 2(b)(2), 119 Stat. 4 (codified as a note to 28 U.S.C. § 1711).

20. CAFA expanded Federal court jurisdiction over, and permits removal to Federal court of, certain class actions originally filed in state court where there is not complete diversity between defendants and all members of the purported class. 28 U.S.C. § 1441(a), 28 U.S.C. § 1453. Specifically, CAFA permits removal of class actions filed in state court if:

(1) *any* member of the putative plaintiff class is a citizen of a state different than any defendant (28 U.S.C. 1332(d)(2)(a));

(2) the members of all proposed plaintiff classes exceed 100 (28 U.S.C. 1332(d)(5)(b)); and

(3) the aggregate amount in controversy exceeds $5,000,000. 28 U.S.C. 1332 (d)(2).

21. **Minimal Diversity**. Of the approximately 80 million people whose information potentially was accessed by the cyber hackers, approximately 13.5 million are or were California residents. *See* Chad Terhune, "13.5 Million People

Affected By Anthem Data Breach," *Los Angeles Times* (February 24, 2015)(available at http://touch.latimes.com/#section/-1/article/p2p-82905123/Anthem); Chris Rauber, "Anthem reveals how many Californians are affected by huge data breach," *Sacramento Business Journal* (February 24, 2015) (available at http://www.bizjournals.com/sacramento/news/2015/02/24/anthem-blue-cross-data-breach-california-antm.html?utm_source=feedburner&utm_medium=feed&utm_campaign=Feed%3A+bizj_sacramento+%28Sacramento+Bu))siness+Journal%29.

22. The Complaint alleges a class that consists solely of California **residents**. But a person's residency does not determine her ***citizenship*** for purposes of diversity jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F. 3d 853, 857 (9th Cir. 2001). Rather, citizenship is determined by a person's domicile. *See e.g., Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, ***domicile often hangs on the slender thread of intent alone*** . . . .") (Emphasis added). Thus, by alleging a class of California residents, Plaintiffs' Complaint does not foreclose the inclusion of non-California citizens—such as students or members of the military temporarily housed in California—in the Plaintiff class. *Preston v. Tenet Healthsystem Memorial Medical Ctr., Inc.*, 485 F. 3d 793, 797-98 (5th Cir. 2007) (reversing district court's remand order based on failure of party seeking remand to prove CAFA exceptions since Complaint's allegation of a class consisting of residents of a single state does not establish class members' domicile or citizenship); *McMorris v. TJX Companies, Inc.*, 493 F. Supp. 2d 158, 1163 (D. Mass 2007)(finding that putative class composed entirely of residents of Massachusetts did not, by definition, foreclose the inclusion of non-citizens as well, supporting assertion of federal jurisdiction under CAFA).

23. Blue Cross alleges, on information and belief, that at least one member

of the purported class identified in the Action is a California resident but a citizen of another state. This good faith assertion satisfies CAFA's minimal diversity requirement. Blue Cross is a California corporation and a California citizen.

24. The United States Supreme Court has held that a defendant seeking to remove a case to federal court need only provide a "short and plain" statement of the grounds for removal, consistent with what a plaintiff is required to plead under Rule 8(a) of the Federal Rules of Civil Procedure. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 552-54 (2014). Similarly, the Ninth Circuit has held that a party may allege diversity of citizenship based on information and belief, particularly where information to prove citizenship is in the control of the other party, as it is here where the question of citizenship turns on each purported class member's intent. *Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F. 3d 1082, 1086-88 (2014). Blue Cross' allegation that at least one of the (likely millions of) members of the purported class of California residents is a citizen of another state is consistent with this authority.

25. **Numerosity**. CAFA provides federal jurisdiction over class actions with at least 100 members of the putative class. The purported class in the Action consists of all California residents who ***currently are or formerly were*** subscribers to one of Blue Cross' health plans and whose information was accessed during the recent unauthorized data breach. Complaint ¶19. The Complaint itself alleges that "Blue Cross is one of the largest health plan providers in California." Complaint ¶14. A publically available "enrollment summary report" posted on the California's Department of Managed Health Care's website shows that Blue Cross of California had over 3 million members at the end of 2013. In addition, the California Attorney General's office has posted information about the Anthem cyber-attack on its website listing data incidents that affect more than 500 California residents. See http://oag.ca.gov/ecrime/databreach/reporting. Thus, the Action satisfies CAFA's numerosity requirement.

26. ***Amount at Issue.*** In order for a class action filed in state court to be removable, CAFA requires that a minimum of $5,000,000 be at issue. Plaintiffs do not specifically plead the amount at issue, but paragraph 8 of their prayer for relief seeks to recover statutory and consequential damages in connection with their second cause of action for violation of California's data breach act, Civil Code section 1798.80 *et seq*. Civil code section 1798.84 provides for damages and for civil penalties of up to $3,000 for each "willful, intentional, or reckless" violation, and up to $500 for other violations. Given the size of the purported class, and without even considering amounts that might be at issue in Plaintiffs' claim to recover consequential damages in connection with the second cause of action and restitution and other amounts in connection with its other claims, CAFA's amount in controversy requirement is easily satisfied here.

## IV. CONCLUSION

For each of these reasons, the above described action now pending against Defendant in the Superior Court of the State of California, County of Los Angeles is properly removed to the United States District Court for the Central District of California.

**HOGAN LOVELLS US LLP**

Dated: March 19, 2015      By: /s/ Michael M. Maddigan
          Michael M. Maddigan, SBN 163450
          *Attorneys for Blue Cross of California*